# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **ENITAN AYOKEJI LIJADU** <br> **A 26 227 080** | **CIVIL ACTION NO. 05-1868-M** |
| **VS.** | **SECTION P** |
| **ALBERTO GONZALES, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of habeas corpus (28 U.S.C. §2241) and Motion for Stay of Removal filed by pro se petitioner Enitan Ayodeji Lijadu on October 26, 2005. Lijadu is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He is presently detained at the Tensas Parish Detention Center awaiting his removal to Nigeria.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Petitioner is a native and citizen of Nigeria. He entered the United States in 1976 and in 1983 he was accorded lawful permanent resident status. He served in the United States Army and received an honorable discharge in 1989. Sometime between that date and January, 2000, petitioner was apparently convicted of various "offenses involving moral turpitude" and as a consequence, on October 15, 2004, the Immigration Judge ordered his removal. His appeal to the

Bureau of Immigrations Appeals was affirmed on April 5, 2005. Thereafter, he sought review of the BIA's decision by filing an appeal in the United States Eleventh Circuit Court of Appeals. He also sought a stay of removal in the court of appeals. On June 30, 2005 his motion for leave to proceed *in forma pauperis* on appeal was denied because his petition was deemed "frivolous." On July 21, 2005 his appeal was dismissed for want of prosecution. See *Enitan Ayodeji Lijadu v. U.S. Attorney General*, No. 05-12483-G (11th Circ. 2005) (http://pacer.ca11.uscourts.gov/ CHMSDKTP.FWX?DKTNO=200512483.)

He filed the instant petition and motion on October 26, 2005. Petitioner claims that he is "... a United States national, owing permanent allegiance to the country." He claims that he is not "deportable." He claims that his removal will violate the equal protection guarantees of the Constitution and that his removal will cause him to suffer extreme hardship.

## LAW AND ANALYSIS

The Real ID Act of 2005, P.L. 109-13, 2005 HR 1268, 119 Stat. 231, enacted on May 11, 2005, divested the United States District Courts of jurisdiction over petitions for *habeas corpus* relief challenging final orders of removal. Section 106 of the REAL ID Act (codified at 8 U.S.C. § 1252), provides:

> (5) Exclusive Means of Review - Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act....

The "appropriate court of appeals" is "the court of appeals for the judicial circuit in

which the immigration judge completed the proceedings." INA, § 242(b)(2), 6 U.S.C. § 1252(b)(2).

The REAL ID Act also provided that "the district court shall transfer ... to the court of appeals" any case "challenging a final administrative order of removal" that is "pending in a district court on the date of the enactment" of the REAL ID Act – May 11, 2005. REAL ID Act of 2005, Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005).

The instant petition falls within the meaning of the REAL ID Act, § 106(b), INA, § 242(a)(5), as amended, 8 U.S.C. § 1252(a)(5), because it seeks review of an order of removal and requests a stay of removal. This court lacks jurisdiction to review the merits of the petition or to issue a stay of the removal order.

Furthermore, the court may not transfer this case to the court of appeals because the petition was not filed until October, 2005 and therefore it was not pending on May 11, 2005, the date that Congress passed the REAL ID Act.

Therefore,

**IT IS RECOMMENDED** that the Petition for Writ of *Habeas Corpus* [Doc. 1] and Motion for Stay of Removal [Doc. 3] be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to petitioner's right to file his petition and motion in the appropriate United States Court of Appeals.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any

objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 13th day of December, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE